UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RORBY J. CAMPECHANO MANZANO,

        Petitioner,

v.

KEVIN RAYCRAFT et al.,

        Respondents.

_____/

Case No. 1:26-cv-541

Honorable Robert J. Jonker

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

**I.**  **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.31–32.)

In an order entered on February 18, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on February 23, 2026, (ECF No. 4), and Petitioner filed his reply on March 2, 2026, (ECF No. 5).

## II.    Factual Background

Petitioner is a citizen of Venezuela and a resident of Obetz, Ohio. (Pet., ECF No. 1, PageID.9; Notice to Appear (NTA), ECF No. 4-1, PageID.78.) Petitioner applied for admission to the United States on or about November 21, 2022. (Form I-261, ECF No. 4-2.)

On December 18, 2025, Petitioner was arrested and charged with being "an alien present in the United States without being admitted or paroled." (NTA, ECF No. 4-1, PageID.78.) Petitioner requested a custody redetermination under 8 U.S.C. § 1226(a). (Order, ECF No. 4-3, PageID.85.) The Immigration Judge concluded Petitioner was an "arriving alien" governed by § 1225 rather than § 1226 and, therefore, that the judge did not have jurisdiction to consider a custody redetermination request. (*Id.*)

Two days later, the Department of Homeland Security (DHS) changed its characterization of Petitioner from "an alien present in the United States" to "an Arriving Alien." (Form I-261, PageID.4-2, PageID.82.) DHS also added the charge that Petitioner was "an immigrant not in possession of a valid unexpired passport, or other suitable travel document of identity and nationality." (*Id.*)

Petitioner claims that DHS paroled Petitioner into the United States pursuant to 8 U.S.C. § 1182(d)(5). (Pet., ECF No. 1, PageID.17; Pet'r's Reply, ECF No. 5, PageID.95.) Respondents were unable to locate information regarding Petitioner's entry into the country or a parole into the country. (Resp., ECF No. 4, PageID.49.)

In Petitioner's reply brief, he claims, for the first time Petitioner was granted Temporary Protected Status (TPS)[1]. (Pet'r's, ECF No. 5, PageID.92.) Moreover, Petitioner represents that

---

[1] Under 8 U.S.C. § 1254a, the Secretary for the Department of Homeland Security
> may designate a foreign state for TPS when nationals of that state cannot return there safely due to armed conflict, natural disaster, or other "extraordinary and

2

Respondents "confirm that Petitioner has temporary protected status/was paroled into the United States." (*Id.*) The cite Petitioner provides for that confirmation is plainly wrong. The Court concludes that Petitioner's arguments regarding TPS are erroneously included in Petitioner's reply brief. The Court will disregard that argument.

With regard to parole, Petitioner's claim that his parole continued at the time of his December 18, 2025, arrest is suspect. In the petition, Petitioner does not indicate the duration of his parole, and even if Respondents did not revoke or otherwise terminate Petitioner's parole, that does not mean that Petitioner remained paroled. The Court notes that parole pursuant to 8 U.S.C. § 1182(d)(5) was typically issued in one-year or two-year periods of time, starting from the date of entry into the United States. See *https*://www.uscis.gov/humanitarian/humanitarian_parole (select "What is Parole?" heading) (last visited Mar. 3, 2026) (stating that "[w]e typically grant parole for no more than 1 year," and "[p]arole ends on the date the parole period expires"). Under these circumstances, based on the information presently before the Court, there is no indication that Petitioner remained paroled when he was arrested in December 2025.

Petitioner is scheduled for an individual hearing on March 4, 2026, in the Detroit Immigration Court. (Notice of In-Person Hearing, ECF No. 4-5.)

---

        temporary conditions," unless the Secretary "finds that permitting the [noncitizens] to remain temporarily in the United States is contrary to the national interest of the United States."

*Nat'l TPS All. v. Noem*, 150 F.4th 1000, 1010 (9th Cir. 2025) (quoting 8 U.S.C. § 1254a(b)(1)(C)). "Such a designation permits certain nationals of the foreign state, who have continuously resided in the United States since the effective date of the designation, to register for employment authorization and protection from deportation for the duration of the TPS period." *Id.* (quoting 8 U.S.C. § 1254a(a)(1), (b)(2)). Additionally, there are other restrictions, including, for example, that applicants for TPS "must not have been 'convicted of any felony or 2 or more misdemeanors committed in the United States.'" *Id.* (quoting 8 U.S.C. § 1254a(c)(2)(B)(i)). Further, "TPS does not provide beneficiaries with a pathway to permanent resident status, nor does it include any right to petition for visas on behalf of family members in the United States or abroad." *Id.*

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Exhaustion

Respondents argue that the Court should deny Petitioner's request for habeas corpus relief because Petitioner has not exhausted his administrative remedies. Specifically, Respondents argue that Petitioner should pursue a bond hearing and, if necessary, appeal any unfavorable decision to the Board of Immigration Appeals.

The Court declines to enforce the doctrine of prudential exhaustion against Petitioner, and even if the Court were to conclude that exhaustion is warranted, the Court concludes in the alternative that waiver of exhaustion is appropriate, for the reasons set forth in the Court's exhaustion analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

Accordingly, the Court will proceed to address the merits of Petitioner's § 2241 petition.

## V.     Merits Discussion

### A.     Statutory Basis for Petitioner's Detention

Respondents contend that Petitioner is subject to the mandatory detention provisions set forth in 8 U.S.C. § 1225(b) because Petitioner meets every element for detention under § 1225(b), and that the statute's structure and history support Respondents' interpretation.

The Court concludes that § 1226(a), not § 1225(b), governs noncitizens, such as Petitioner, who have resided in the United States and were already within the United States when apprehended and arrested for the reasons set forth in the Court's statutory analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025).[2]

### B.     Fifth Amendment Due Process Considerations

Petitioner also argues that his detention violates the Fifth Amendment's Due Process Clause. Respondents counter Petitioner's arguments by stating that Petitioner has received notice of the charges against him, has access to counsel, and is scheduled to attend hearings with an immigration judge.

The Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b) violates Petitioner's Fifth Amendment due process rights for the reasons set forth in the Court's constitutional analysis in each of the following cases: *Antele Cobix*

---

[2] The Court is aware of *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which was recently issued by the United States Court of Appeals for the Fifth Circuit. At this time, this non-binding case does not change the Court's analysis.

*v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

## VI.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VII.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of the United States Secretary of Homeland Security as a Respondent. The Court concludes that the Detroit ICE Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act nationwide, the Court will retain the ICE Detroit Field Office Director and the Secretary for the Department of Homeland Security as Respondents. The Court will dismiss the United States Department of Homeland Security, the United States Attorney General, and the Executive Office for Immigration Review as Respondents.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody.[3] The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial. The Court will dismiss the United States Department of Homeland Security, the United States Attorney General, and the Executive Office for Immigration Review as Respondents.

Dated:    March 4, 2026                         /s/ Robert J. Jonker
                                                Robert J. Jonker
                                                United States District Judge

---

[3] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.